IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CR426 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT DION WEBSTER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the oral motion of defendant Robert Dion Webster for a judgment of acquittal under Rule 29. The Court finds that the motion should be denied.

At the close of the evidence but before the case was submitted to the jury, defendant made a motion for acquittal premised on insufficiency of the evidence to sustain a conviction. Specifically, defendant argued that the statute under which he was charged required the government to prove that the defendant had not been punished by the local law of the tribe and that the government had presented no evidence on this point.

The defendant was charged under 18 U.S.C. § 1152 for a violation of 18 U.S.C. § 2241(c). While § 2241(c) describes the offense conduct of sexual abuse involving a child, § 1152 extends the laws of the United States to "Indian country" subject to certain conditions:

> Except as otherwise expressly
> provided by law, the general laws
> of the United States as to the
> punishment of offenses committed in

>    any place within the sole and
>    exclusive jurisdiction of the
>    United States, except the District
>    of Columbia, shall extend to the
>    Indian country.
>
>    This section shall not extend to
>    offenses committed by one Indian
>    against the person or property of
>    another Indian, nor to any Indian
>    committing any offense in the
>    Indian country who has been
>    punished by the local law of the
>    tribe, or to any case where, by
>    treaty stipulations, the exclusive
>    jurisdiction over such offenses is
>    or may be secured to the Indian
>    tribes respectively.

18 U.S.C. § 1152.  The defendant points to case law holding that Indian status of both the defendant and the victim, as referenced in the second paragraph of § 1152, are elements of a crime charged under that section and must, therefore, be proved by the government at trial.  Defendant suggests that these cases compel a ruling that the government must also prove the defendant has not "been punished by the local law of the tribe."  The Court finds this analysis incomplete.

The case cited by the defendant supports the propositions for which it stands:  in the Seventh Circuit, Indian-status of the defendant and victim are elements of the crime and the government has the burden of proving the satisfaction of those elements. *See United States v. Torres*, 733 F.2d 449, 457-58 (7th Cir. 1984).  More recently, the Eighth Circuit stated that an issue like the defendant's Indian status

"while essential to federal subject matter jurisdiction, is an element of the crime that must be submitted to and decided by the jury."  *United States v. Stymiest*, 581 F.3d 759, 763 (8th Cir. 2009).  However, it does not necessarily follow that every condition in § 1152 is an element of the crime.

In holding that the government has the burden of proving the victim's non-Indian status, the Tenth Circuit noted that the government was in the best position to establish the identity of the victim.  *United States v. Prentiss*, 256 F.3d 971, 975-77 (10th Cir. 2001), *overruled on other grounds by United States v. Sinks*, 473 F.3d 1315 (10th Cir. 2007).  The Court noted that allocating the burden of the defendant's Indian status to the government "presents a closer question."  *Id*. at 977.  At least one circuit used this informational-access rational to hold that where the charge is premised on the *defendant's non-Indian status*,[1] the government does not bear the burden of going forward with evidence on the issue unless raised by the defendant.  *United States v. Hester*, 719 F.2d 1041, 1043 (9th Cir. 1983).  The Tenth Circuit ultimately found the defendant's *Indian status* must be proved by the government as an element of the crime.

---

[1] Section 1152's first limitation that "this section shall not extend to offenses committed by one Indian against the person or property of another Indian," contemplates not only jurisdiction over crimes by Indians against non-Indians (as in the present case and the Tenth Circuit's *Prentiss* opinion), but also crimes by non-Indians against Indians, which implicates the defendant's status as a "non-Indian."

*Prentiss*, 256 F.3d at 978. The Court concluded that unlike issues which require pleading and proving a negative -- that something did not happen, "it is feasible for the government to allege the status of the defendant."

The Tenth Circuit also reasoned that "some 'exceptions' are so closely intertwined with the definition of the offense that the government must allege them" as an element. *Id*. at 979 (citing *United States v. Cook*, 84 U.S. (17 Wal.) 168 (1872). On the other hand, "where one can omit the exception from the statute without doing violence to the definition of the offense, the exception is more likely an affirmative defense." *United States v. McArthur*, 108 F.3d 1350, 1353 (11th Cir. 1997).

Here both the practical considerations and statutory interpretation weigh in favor of treating the prior conviction as an affirmative defense which the defendant must raise. Just as in *Hester*, treating the exception as an element would burden the government with proving a negative: that the defendant was not punished by the local law of the tribe. *See Hester*, 719 F.2d at 1043 (refusing to treat defendant's status as a "non-Indian" as an element). The defendant, as the subject of any relevant tribal punishment, is also in a better position to put forward information about a specific punishment that might implicate the exception.

More importantly, unlike the Indian status of the defendant and the victim which are "closely intertwined" with the definition of the offense itself, whether there was a punishment under tribal law is distant in both time and substance from the offense itself. Rather, as an exception that prevents multiple punishments for the same offense, it is more similar to a double jeopardy defense, the burden of which falls on the defendant. *See United States v. Mitchell*, 476 F.3d 539, 544 (8th Cir. 2007). Accordingly,

IT IS ORDERED that defendant's oral motion for acquittal is denied.

DATED this 29th day of May, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court