IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )        8:12CR426
                               )
        v.                     )
                               )
ROBERT DION WEBSTER,           )    MEMORANDUM AND ORDER
                               )
            Defendant.         )
_____)


        This matter is before the Court on the motion of
defendant Robert Webster for acquittal and new trial (Filing No.
44) and the response of the plaintiff (Filing No. 46).  After a
jury trial Webster was found guilty of sexual abuse under 18
U.S.C. § 2241.  Federal law is extended to Indian country under
18 U.S.C. § 1152 which requires inquiry into the Indian status of
both the defendant and the victim.  In the present case, the
identity of the victim was not alleged in the indictment.
Webster now argues that the status of the victim is an essential
element of any crime charged under § 1152 rendering the
indictment deficient.

        The Seventh and Tenth Circuits have held that, in a
crime charged under § 1152, both the Indian status of the
defendant and the victim are essential elements.  *United States
v. Prentiss*, 256 F.3d 971, 975-78 (10th Cir. 2001), *overruled on
other grounds by United States v. Sinks*, 473 F.3d 1315 (10th Cir.
2007); *United States v. Torres*, 733 F.2d 449, 457-58 (7th Cir.

1984).  *But see United States v. Hester*, 719 F.2d 1041, 1043 (9th Cir. 1983) ("[T]he Government need not allege the non-Indian status of the defendant in an indictment under section 1152, nor does it have the burden of going forward on that issue.").  The Eighth Circuit's holding that the defendant's status is an essential element under 18 U.S.C. § 1153 indicates that the victim's status in a § 1152 case might also be an element of the crime, but the Circuit has not yet ruled on that specific issue.[1] *See United States v. Stymiest*, 581 F.3d 759, 763 (8th Cir. 2009). The Eighth Circuit has held that failure to allege the defendant's Indian status in the indictment rendered it deficient and justified granting a pre-trial motion for dismissal.  *United States v. Graham*, 572 F.3d 954 (8th Cir. 2009).  However, the Supreme Court has held that though the subject matter jurisdiction objection on which a deficient indictment argument is based can never be waived, an objection raised for the first time after trial can only succeed if the alleged error affected the defendant's substantial rights and "seriously affect[ed] [the] fairness, integrity or public reputation of judicial proceedings."  *United States v. Cotton*, 535 U.S. 625, 631-32 (2002).

---

[1] As the government points out in its brief, textual and structural differences between § 1152 and § 1153 may warrant different treatment.

Even assuming that the Eighth Circuit would hold that the victim's status is an essential element, Webster's motion for a new trial should be denied.  Federal Rule of Criminal Procedure 29 compels the trial court to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Further, Rule 33 allows the trial court to "vacate any judgment and grant a new trial if the interest of justice so requires."  FED. R. CRIM. P. 33.  "Such a standard requires the district court to balance the alleged errors against the record as a whole and evaluate the fairness of the trial."  *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988).  The Supreme Court's analysis in *Cotton* confirms that errors in the indictment are also subject to an evaluation of whether they affected the fairness of the trial.  *Cotton*, 535 U.S. at 631-32.

The Court finds that the deficiency in the indictment did not affect the fairness of the trial in this case.  Assuming the victim's status is an essential element, the indictment was deficient.  However, the Court finds no prejudice to the defendant.  The defendant failed to raise this issue at any point before or during the trial.  More to the point, Webster stipulated to the non-Indian status of the victim in an exhibit that was submitted to the jury.  Thus, the evidence on the issue was uncontroverted and the fairness of the trial was maintained.  *See Id.* at 633-34 ("[I]ndictment's failure to allege a fact . . .

-3-

did not seriously affect the fairness, integrity, or public reputation of judicial proceedings [where] evidence . . . was 'overwhelming' and 'essentially uncontroverted.'").

Further, the Eighth Circuit has held that "because of the complementary nature of § 1152 and § 1153," there is no prejudice to a defendant convicted under § 1152 without evidence of the defendant's Indian status, so long as one of the provisions would have applied to the defendant.  The facts here warrant the same result.  *United States v. White Horse*, 316 F.3d 769, 772-73 (8th Cir. 2003).  Because there was no question as to Webster's Indian status, § 1153 would extend the sexual abuse statute under which the defendant was convicted to this case even if the victim were an Indian.[2]  The Court does not perceive any reason that the outcome of a new trial would be different if the indictment included the non-Indian status of the victim. Accordingly,

IT IS ORDERED that defendant's motion for acquittal and a new trial is denied.

DATED this 26th day of June, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

_____

[2] "Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely . . . an assault against an individual who has not attained the age of 16 years."  18 U.S.C. § 1153.

-4-