IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT DION WEBSTER,<br><br>Defendant. | 8:12-CR-426<br><br>MEMORANDUM AND ORDER ON DEFENDANT'S "MOTION FOR RECONSIDERATION" AND "MOTION TO UNSEAL" |

This Matter is before the Court on Robert Dion Webster's Motion for Reconsideration and Motion to Unseal. Filing 110; Filing 111; Filing 112. Webster previously filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255. Filing 103. The Court denied that Motion in a written Order. Filing 109. As the Court explained at that time, it plainly appeared that Webster was not entitled to relief on his Motion. Filing 109 at 1. The Court also noted in that Order that it would not issue a certificate of appealability. Filing 109 at 1. Thereafter, Webster submitted a filing he captioned as, "Motion for Reconsideration Pursuant To 28 U.S.C. 255 That been dismissed." Filing 110 at 1 (*sic*). Three days later, the Court received a separate filing from Webster captioned, "Motion to Unseal." Filing 111 at 1. The Court subsequently received another filing from Webster also captioned "Motion for Reconsideration pursuant to 28 U.S.C. 2255 That been dismissed." Filing 112 at 1 (*sic*). This latest filing is nearly a word-for-word copy of the previous Motion for Reconsideration Webster submitted at Filing 110. However, Webster noted that he sent this subsequent Motion for Reconsideration (Filing 112) because the first version (Filing 110) did not include his signature. *See* Filing 112 at 21. For the reasons explained below, Webster's Motion for Reconsideration (Filing 110, Filing 112) and Motion to Unseal, Filing 111, are denied.

1

## I. THE MOTION FOR RECONSIDERATION

The Supreme Court has "held that history supports a habeas court's consideration of a Rule 59(e) motion." *Banister v. Davis*, 140 S. Ct. 1698, 1706 (2020) (referring to Rule 59(e) of the Federal Rules of Civil Procedure). While "Rule 59(e) motions seldom change judicial outcomes . . . they give habeas courts the chance to clarify their reasoning or address arguments (often made in less-than-limpid *pro se* petitions) passed over or misunderstood before." *Id.* at 1708. Thus, "a Rule 59(e) motion is a one-time effort to bring alleged errors in a just-issued decision to a habeas court's attention, before taking a single appeal." *Id.* at 1710. However, "Rule 59(e) gives a prisoner only a narrow window to ask for relief—28 days, with no extensions." *Id.* at 1708. The Court understands Webster to be moving for reconsideration pursuant to this rule. Because he filed this Motion within the 28-day deadline, his Motion for Reconsideration is timely. *See id.* at 1708; Fed. R. Civ. P. 59(e).[1]

The merits of his Motion for Reconsideration are another matter. As the Court previously noted, Webster waited almost eight years after the Eighth Circuit issued its Mandate on his appeal before filing a Motion to Vacate under 28 U.S.C. § 2255. Filing 109 at 3. The applicable statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA) therefore imposed a barrier to relief because it passed on January 25, 2017—well over six years before he filed his Motion to Vacate. *See* Filing 103 at 1; Filing 109 at 5. The Court nevertheless considered whether Webster could overcome this time-bar and bring his Motion under the doctrine of equitable tolling or based upon an assertion of actual innocence. *See* Filing 109 at 5–13. The Court then concluded that neither basis applied in his case and his Motion to Vacate was, indeed, time-barred. Filing 109 at 7, 13.

---

[1] This would be true no matter whether the Court considered Filing 110 or Filing 112 as the operative Motion for purposes of assessing timeliness. Both submissions were received by the Court before the 28-day deadline expired.

As the Supreme Court noted in *Banister*, "[a] judge familiar with a habeas applicant's claims can usually make quick work of a meritless [Rule 59(e)] motion." *Banister*, 140 S. Ct. at 1708. Such is the case here. The Eighth Circuit has specifically recognized in other contexts that "[m]otions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022).[2] Because Webster has not satisfied any of the Rule 59(e) criteria for granting reconsideration, his Motion is meritless.

Webster devotes the first several pages of his Motion for Reconsideration to insisting upon his innocence and remarking that his conviction and sentence reflect "a 'travesty' of law" and a "complete miscarriage of justice[.]" *See* Filing 112 at 1–3. However, beginning on page four of his Motion, Webster says the following:

> Mr. Webster asked the Court to – reconsider its ruling because as the Court's 'saying this motion would be even more 'powerful' if Mr. Webster had a letter or 'Affidavit" sent to the Court by 'AC' stating she told the 'psychotherapist Terry Chase' that Mr. Webster is innocent of the crimes convicted based on her lie's and emotional possible 'breakdown' at the time Mr. Webster was going to trial, then Mr. Webster would seek out an investigator to try and get such an [affidavit] because Mr. Webster's freedom now depends on such an affidavit.

Filing 112 at 4–5.

This argument, as the Court liberally construes and understands it, is premised upon a fundamental misunderstanding of the Court's prior ruling denying Webster's § 2255 Motion. *See generally* Filing 109. The Court never suggested that Webster's Motion to Vacate would have been

---

[2] Although the "statutes and rules pertaining to habeas . . . trump any 'inconsistent Federal Rule of Civil Procedure otherwise applicable to habeas proceedings[,]" *Banister*, 140 S. Ct. at 1704, the Eighth Circuit's foregoing description of Rule 59(e)'s limitations is still instructive because "Rule 59(e) applies in federal civil litigation generally" and "[h]abeas proceedings . . . are civil in nature." *Id.* at 1702-03; *see also id.* at 1705 ("The Federal Rules of Civil Procedure generally govern habeas proceedings. They give way, however, if and to the extent 'inconsistent with any statutory provisions or [habeas-specific] rules.'") (internal citations omitted).

"even more 'powerful'" if he had a letter or affidavit from AC. *See* Filing 112 at 4–5. To the contrary, the Court's Order says, "the fact that Webster has not produced any statement—such as an affidavit directly from AC herself in support of his Motion is *another* reason to deny it." Filing 109 at 10 (emphasis added). In another portion of his Motion, Webster says he is also seeking reconsideration based on the following:

> [T]he fact that Assistant United States Attorney statements to the "Winnebago Tribal Counsel, because for – arguendo sake what if, she stated she knew before trial Mr. Webster was innocent." "Yes" this is (hypothetically speaking) but – Mr. Webster is in the process of seeking this information as well.

Filing 112 at 8.

Thus, Webster seeks reconsideration based on information that he hypothesizes either might exist or could be discovered. Those are not valid bases for requesting reconsideration because Webster has not actually presented any newly discovered evidence; he has only suggested that there might be evidence out there he hopes to one day discover. *See Akpovi*, 43 F.4th at 837 (noting that Rule 59(e) motions serve "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence") (internal quotations omitted).[3] The remainder of Webster's Motion is difficult to follow. However, after reviewing the Motion in its entirety and giving the matters he raises due consideration, the Court concludes that he has failed to put forth any other basis that would merit reconsideration. Webster's Motion for Reconsideration will therefore be denied.

---

[3] Webster indicated in his Motion that he was attempting to get an affidavit from the named victim in his case as well as "the business records of [the Assistant United States Attorney's] job interview." Filing 112 at 10. He specifically asked this Court "to reconsider and stay" its formal ruling for a period of 90 days in order to allow him to "get whats [sic] needed to have the appropriate judicial processes done to show and prove his 'innocence.'" Filing 112 at 11. More than 90 days have passed since Webster filed his Motion for Reconsideration, yet he has not submitted any other filing or document to the Court since his Motion for Reconsideration was received. *See* Filing 112 at 1.

## II.    THE MOTION TO UNSEAL

The Court will now address Webster's "Motion to Unseal" at Filing 111. Specifically, Webster asks that the Court "'unseal' a letter given to the Honorable Judge Lyle E. Strom on March 3, 2013." Filing 111 at 1.[4] According to Webster, this letter was provided by the victim, AC, for the purposes of "stopping" his sentencing. Filing 111 at 1. Webster claims that this exhibit was "a 'recantation' letter" and that "[t]he 'unsealing' of this letter would be valuable to [his] case[.]" Filing 111 at 2.

The Court notes that Webster was sentenced on March 3, 2014—not March 3, 2013. Filing 78 at 1. The Court therefore construes Webster's reference to the year 2013 to be a typographical error.[5] The Exhibit List from Webster's Sentencing Hearing on March 3, 2014, indicates that only one exhibit was introduced at the hearing. Filing 77 at 1. According to the Exhibit List, this lone exhibit was marked as Court Exhibit "A" and is described as a "Sealed Exhibit." Filing 77 at 1. A non-public docket entry dated December 8, 2015, states, "regarding Exhibit List 77 Exhibit A from Sentencing hearing held on 3/3/2014 returned to chambers as to defendant Robert Dion Webster[.]" There would not be another docket entry in this case for over three more years. The next docket entry that appears (which is also a non-public docket entry) is dated December 14, 2018. It states, "Court Exhibit A was destroyed on 12/14/2018 by Clerk of Court as to defendant Robert Dion Webster from Sentencing Hearing held on March 3, 2014[.]" Accordingly, at the time Webster requested this document be unsealed in August of 2023, it had already been destroyed by the Clerk of Court well over four years prior.

---

[4] The undersigned was assigned this case on July 17, 2023. Filing 107 at 1.

[5] After reviewing the docket, the Court notes that no hearings in this case took place on March 3, 2013.

The applicable version of this Court's local rules that were in effect on December 18, 2018, included a provision addressing the "Withdrawal or Destruction of Exhibits at Case Conclusion." NECrimR. 55.1(g) (effective December 1, 2018). It provided, in pertinent part,

> The attorney or agency maintaining custody of the exhibits may destroy or otherwise dispose of them without notice 30 days after the final disposition of the case as defined by Nebraska Criminal Rule 55.1(g)(1)(B). A party opposing the destruction or disposal of the exhibits must file an objection before the 30-day period expires. The exhibit custodian may not destroy or dispose of the exhibits until the court rules on the objection.

NECrimR 55.1(g)(2) (effective December 1, 2018). Pursuant to NECrimR. 55.1(g)(1)(B), "at least 30 days after a case's final disposition" includes:

> "(i) any appeal; (ii) the denial of or expiration of the time in which to file a petition for writ of certiorari; and (iii) the denial of or expiration of the statutory time (including any reasonably foreseeable tolling of that time) for filing a motion for postconviction relief under 28 U.S.C. § 2255."

NECrimR. 55.1(g)(1)(B).

As the Court explained in its Original Order denying Webster's § 2255 Motion, the statute of limitations for seeking relief pursuant to § 2255 passed on January 25, 2017. Filing 109 at 5 (citing 28 U.S.C. § 2255(f)). Thus, the Clerk of Court did not destroy Court Exhibit A until nearly two years after the statutory time for filing a § 2255 Motion had passed. Because the Court cannot unseal an exhibit that was destroyed years ago, it cannot grant Wesbter the relief he seeks. Therefore, his Motion to Unseal, Filing 111, is denied.

### III. CONCLUSION

For the reasons explained above, the Court denies Webster's Motion for Reconsideration and Motion to Unseal.

IT IS ORDERED:

1. Robert Dion Webster's Motion for Reconsideration, Filing 110 is denied as duplicative of Filing 112;

2. Robert Dion Webster's Motion for Reconsideration, Filing 112 is denied on the merits; and

3. Robert Dion Webster's Motion to Unseal, Filing 111, is denied on the merits.

Dated this 11th day of March, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge